**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **PERSONAL AUDIO, LLC,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 2:13-00015-JRG-RSP** |
| **v.** | |
| **HOWSTUFFWORKS.COM,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AND COUNTERCLAIMS**

Defendant, nominally identified as HowStuffWorks.com ("Defendant" or "HowStuffWorks")[1], by and through its attorneys, hereby answers Plaintiff Personal Audio, LLC's ("Plaintiff" or "Personal Audio") Complaint for Patent Infringement ("Complaint") and asserts defenses and Counterclaims as follows.  The following numbered paragraphs correspond to the numbered paragraphs in Plaintiff's Complaint and constitute Defendant's responsive admissions, denials, and allegations thereto:

1.      Defendant admits that Plaintiff's Complaint purports to be an action for patent infringement, but denies that any allegations are made against "HowStuffWorks.com, Inc." as that entity is not named as a party.

---

[1] "HowStuffWorks.com," the purported named Defendant, is not a corporate entity known to Defendant.  HowStuffWorks, LLC publishes a website at the Internet URL of www.HowStuffWorks.com and the undersigned responds here on that basis.

## PARTIES

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and, on that basis, denies each and every allegation in Paragraph 2 of the Complaint.

3.      Defendant is without knowledge or information regarding a corporate entity designated "HowStuffWorks.com" and is unaware of any such Delaware corporation, and, on that basis, denies each and every allegation in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Paragraph 4 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to bring an action arising under Title 35 of the United States Code as a claim for patent infringement, and admits that this Court has jurisdiction over such actions.  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 4 of the Complaint.

5.      Paragraph 5 contains legal conclusions to which no response is required.  To the extent a response is required, for purposes of this action only, Defendant admits that its website, www.howstuffworks.com, may be accessed from this jurisdiction and that, for the purposes of this action only, it does not dispute that venue may be found in the Eastern District of Texas, but Defendant further states that venue is proper in other districts pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Defendant reserves all rights to move for transfer of venue of this action, severance, or consolidation with other related actions.  Except as expressly admitted, Defendant otherwise denies the allegations of Paragraph 5 of the Complaint.

6.      Paragraph 6 contains legal conclusions to which no response is required.  To the extent a response is required, for purposes of this action only, Defendant submits to the

jurisdiction of this Court.  Except as so admitted, Defendant otherwise denies the allegations of Paragraph 6 of the Complaint.

<u>COUNT I</u>

<u>INFRINGEMENT OF U.S. PATENT NO. 8,112,504</u>

7.      Paragraph 7 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the Complaint purports to attach a copy of U.S. Patent No. 8,112,504 (the "'504 patent") as Exhibit A.  Defendant further admits that such copy of the '504 patent, on its face, states that it issued on February 7, 2012, and is entitled "System for Disseminating Media Content Representing Episodes in a Serialized Sequence." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint and, on that basis, denies each and every remaining allegation in Paragraph of the Complaint

8.      Paragraph 8 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the subject matter to which the '504 patent is directed as set forth in Paragraph 8 of the Complaint and, on that basis, denies each and every such allegation in that paragraph.  Defendant otherwise denies each and every remaining allegation in Paragraph 8 of the Complaint.

9.      Paragraph 9 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits it operates a website at the Internet uniform record locator of http://www.howstuffworks.com/.  Except as expressly admitted, Defendant denies each and every other allegation in paragraph 9 of the Complaint.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies any and all remaining allegations not specifically admitted and denies that Plaintiff is entitled to the relief requested in Paragraphs 1 through 5 of its Prayer for Relief, or to any relief at all.  To the extent that any statement in Plaintiff's Prayer for Relief is considered to contain factual allegations that require a response, Defendant denies each and every such allegation.

## JURY DEMAND

Defendant's paragraph entitled "Demand for Jury Trial" contains no factual allegations that require a response.

Defendant also demands a trial by jury on all claims and issues so triable.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint.  Assertion of such defenses is not a concession that Defendant has the burden of proof or persuasion on any of the matters asserted.  Defendant also reserves the right to add additional affirmative defenses as further information is obtained.

### First Affirmative Defense—Non-Infringement

Defendant has not infringed, and does not infringe, directly or indirectly, literally or by the doctrine of equivalents, any valid and enforceable claim of the '504 patent.

### Second Affirmative Defense—Invalidity

One or more claims of the '504 patent is invalid and/or unenforceable for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and 112.

<u>**Other Affirmative Defenses Reserved**</u>

Defendant expressly reserves the right to assert any other legal or equitable defenses that may be available to Defendant based upon legal theories which may or will be divulged through clarification of Plaintiff's Complaint, through discovery, or through further legal analysis of Plaintiff's claims and positions in this litigation.

## COUNTERCLAIMS

HowStuffWorks, LLC ("HowStuffWorks") brings the following Counterclaims against Plaintiff and Counterclaim-Defendant Personal Audio, LLC, pursuant to Rule 13 of the Federal Rules of Civil Procedure, and alleges as follows:

### THE PARTIES

1.      HowStuffWorks, LLC is a Delaware limited liability company with its principal place of business at One Capital City Plaza, 3350 Peachtree Road NE, Suite 1500, Atlanta, Georgia 30326-1425.

2.      On information and belief, Counterclaim-Defendant Personal Audio, LLC ("Personal Audio") is a Texas limited liability company that alleges that its principal place of business is at 550 Fannin Street, Suite 500, Beaumont, TX 77701.

### JURISDICTION AND VENUE

3.      These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq.*  This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 in combination with 28 U.S.C. §§ 2201, and 2202.

4.      Personal Audio has voluntarily submitted to the personal jurisdiction of the United States District Court, Eastern District of Texas, by virtue of, inter alia, its bringing its

present action in this Court.  Personal Audio is subject to personal jurisdiction in this judicial

district for the purposes of these Counterclaims.

5.      Venue in this District is proper pursuant to 28 U.S.C. § 1391 because Personal

Audio has consented to the propriety of venue in this Court by filing its Complaint for patent

infringement in this Court, and these Counterclaims are filed in response to that Complaint.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement)

6.      HowStuffWorks incorporates by reference the allegations in Paragraphs 1 through

5 and 11 through 15, as though fully set forth herein.

7.      On its face, U.S. Patent No. 8,112,504 (the "'504 patent") recites an issue date of

February 7, 2012, and identifies Personal Audio as the assignee.

8.      In its Complaint, Personal Audio alleges that it is "the owner" of the '504 patent,

and that HowStuffWorks.com has infringed and continues to infringe the '504 patent.

HowStuffWorks denies that it or its website, www.howstuffworks.com, have infringed or do

infringe any valid claim of the '504 patent.  Absent a declaration of non-infringement, Personal

Audio will continue to wrongfully assert the '504 patent against HowStuffWorks, and thereby

cause HowStuffWorks irreparable injury and damage.  Therefore, an actual and justiciable

controversy exists between HowStuffWorks and Personal Audio.

9.      HowStuffWorks has not infringed any valid and/or enforceable claim of the '504

Patent, either directly or indirectly, literally or under the doctrine of equivalents, jointly,

individually, or otherwise, and is entitled to a declaration to that effect.

10.      This is an exception case entitling HowStuffWorks to an award of its attorneys'

fees incurred in connection with this action pursuant to 35 U.S.C. §285.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

11.     HowStuffWorks incorporates by reference the allegations in Paragraphs 1 through 10, as though fully set forth herein.

12.     On its face, U.S. Patent No. 8,112,504 (the "'504 patent") recites an issue date of February 7, 2012, and identifies Personal Audio as the assignee.

13.     In its Complaint, Personal Audio alleges that it is "the owner" of the '504 patent, and that HowStuffWorks.com has infringed and continues to infringe the '504 patent. HowStuffWorks denies that it or its website, www.howstuffworks.com, have infringed or do infringe any valid claim of the '504 patent.  Absent a declaration of invalidity, Personal Audio will continue to wrongfully assert the '504 patent against HowStuffWorks, and thereby cause HowStuffWorks irreparable injury and damage.  Therefore, an actual and justiciable controversy exists between HowStuffWorks and Personal Audio.

14.     The claims of the '504 patent, including the claims alleged to be infringed, are invalid because they fail to comply with one or more of the provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and HowStuffWorks is entitled to a declaration to that effect.

15.     This is an exception case entitling HowStuffWorks to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. §285.

## PRAYER FOR RELIEF

WHEREFORE, HowStuffWorks prays for judgment  as follows:

A.     That Plaintiff's Complaint be dismissed in its entirety with prejudice and that a
        Judgment be entered for HowStuffWorks in all respects;

B.  That the Court deny any and all relief requested by Plaintiff in its Complaint, and that Plaintiff take nothing by reason of its Complaint;

C.  For a declaratory judgment that:

1.  HowStuffWorks does not infringe, either directly, indirectly, literally or by application of the doctrine of equivalents, any valid and enforceable claim of the '504 patent;

2.  The '504 patent is invalid; and

3.  Plaintiff, its officers, servants, employees, agents, and attorneys, and all those in concert or participation with them, are without right or authority to threaten or maintain suit against HowStuffWorks, its present or prospective customers, subsidiaries, affiliates, parents, agents, servants, or employees, or users of HowStuffWorks' products, for alleged infringement of the '504 patent.

D.  That, pursuant to 35 U.S.C. § 285 and/or any other applicable laws, the Court declare that Plaintiff's conduct in commencing and pursuing this action be found to render this an exceptional case and that HowStuffWorks be awarded its attorneys' fees incurred in connection with this action;

E.  That HowStuffWorks be awarded its cost of suit incurred herein; and

F.  That HowStuffWorks be awarded such other and further relief as the Court deems just, proper, and equitable.

## DEMAND FOR A JURY TRIAL

HowStuffWorks demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all issues that may be tried to a jury.

Dated: March 15, 2013

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By: _____ /s/ *Jason C. Lo* _____
        Josh Krevitt, NY SBN 2568228
        200 Park Avenue
        New York, NY  10166-0193
        Telephone: (212) 351-4000
        Facsimile:   (212) 351-4035

        Jason Lo, CA SBN 219030
        Raymond LaMagna, CA SBN 244821
        333 South Grand Avenue
        Los Angeles, CA 90071-3197
        Telephone: (213) 229-7000
        Facsimile:   (213) 229-7520

ATTORNEYS FOR HOWSTUFFWORKS, LLC

101466758.3

**Answer to Complaint**
**Case No. 2:13-cv-00015 - Page 9**