# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC,** | |
| Plaintiff, | |
| **v.** | **CIVIL ACTION NO. 2:13-cv-00015-JRG-RSP** |
| **HOWSTUFFWORKS.COM,** | |
| Defendant. | **JURY TRIAL DEMANDED** |

## PLAINTIFF PERSONAL AUDIO, LLC'S MOTION TO DISMISS DEFENDANT HOWSTUFFWORK.COM'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff Personal Audio, LLC ("Plaintiff") respectfully moves the Court to dismiss Defendant Howstuffworks.com's ("Defendant") affirmative defenses and counterclaims as Defendant fails to state a claim upon which relief can be granted.

## I.     INTRODUCTION

The Federal Rules of Civil Procedure require that facts be pleaded in support of both affirmative defenses and counterclaims.  Defendant filed an Answer, Affirmative Defenses and Counterclaims (Doc. #10), where – as detailed below – no facts were pleaded in support of any of Defendant's Affirmative Defenses or Counterclaims.

Thus, Defendant's pleading is insufficient and the affirmative defenses and counterclaims should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.[1]

## II.     BACKGROUND

On January 7, 2013, Plaintiff filed a Complaint for patent infringement concerning claims of U.S. Patent No. 8,112,504 against Defendant.  On March 15, 2013, Defendant filed an Answer and Counterclaims.

No facts were pleaded in support of Defendant's affirmative defenses or counterclaims, contrary to the requirement of Rule 8 of the Federal Rules of Civil Procedure.  In fact, the Defendant's Second Affirmative Defense reads: "One or more claims of the '504 patent is invalid and/or unenforceable for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103 and 112."  Thus, Defendant apparently is claiming the patent might be non-statutory subject matter (35 U.S.C. § 101), anticipated and/or rendered obvious by prior art (35 U.S.C. §§ 102 and 103) and – without limitation, of course – indefinite under 35 U.S.C. § 112.  However, not a single fact is pleaded in support of any of these defenses that might allow a Court, much less Plaintiff, to determine their viability. No supposed prior art is even identified in the Defendant's pleading.

Defendant's First Affirmative Defense reads: "Defendant has not infringed, and does not infringe, directly or indirectly, literally or by the doctrine of equivalents, any valid and enforceable claim of the '504 patent." Of course, this mishmash of an affirmative defense leaves

---

[1]     Although Plaintiff believes that pleading insufficiencies are properly brought before the Court as Fed. R. Civ. P. 12(b)(6) motions to dismiss, alternatively Plaintiff seeks relief pursuant to Fed. R. Civ. P. 12(f), which grants the Court authority to "strike from a pleading an insufficient defense."

it unclear to the reader whether the Defendant is claiming the patent claims are not infringed, not directly infringed, not infringed through the doctrine of equivalents (or otherwise), or, potentially in the alternative, whether infringement is occurring but the claims are (somehow) not valid or enforceable.  Depending on the defense actually raised here, the burden of proof may shift from one party to the other, as well as the standard of carrying the burden.  However, Plaintiff (and the Court) is left without any means of determining the viability of any of these supposed defenses, as not a single fact is pleaded in support.

Defendant's final Affirmative Defense purportedly reserves the right to plead additional affirmative defenses not contained in the pleadings, which is directly contrary to the Federal Rules of Civil Procedure, as well as the pleading standard of *Iqbal* and *Twombly*.

Defendant pleads two supposed counterclaims for noninfringement and invalidity.  Not a single fact is pleaded in support of either counterclaim – the only facts pled relate to the parties, jurisdiction and venue.

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Plaintiff now seeks dismissal of Defendant's affirmative defenses and counterclaims.

## III.    FED. R. CIV.  P. 12(b)(6) STANDARD

On a Rule 12(b)(6) motion to dismiss, while a court must accept all of the claimant's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949-50 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Thus, to survive a motion to dismiss, a pleading must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. "A claim has facial

plausibility when the pleaded factual content allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*,

550 U.S. at 556).  A court should not accept "threadbare recitals of a cause of action's elements,

supported by mere conclusory statements." *Id.* at 1949.

 Rather, a pleading must nudge "claims across the line from conceivable to plausible." *See*

*Twombly*, 550 U.S. at 570. As explained by Judge Rosenthal, who serves as chair of the United

States Judicial Conference's Committee on Rules of Practice and Procedure, in accordance with

the pleading standards set forth in the Supreme Court's recent decisions in *Iqbal* and *Twombly*:

> A complaint must allege more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true raise a right to relief above the speculative level. Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.

*See Lehman Bros. Holdings, Inc. v. Cornerstone Mortgage Co.*, No. H-09-0672, 2009 WL

2900740, at *4 (S.D. Tex. Aug. 31, 2009) (Rosenthal, J.) (internal citations and alterations

omitted).

 Counterclaims, like claims, are subject to the pleading requirements of Rule 8. *See id.* at

*5 (granting motion to dismiss counterclaim where the allegations were "scant"); *Tyco Fire*

*Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 898 (E.D. Pa. 2011) (collecting cases) ("In the

wake of *Twombly* and *Iqbal*, it is clear that a [ ] counterclaim must set forth sufficient facts to

give rise to a plausible claim for relief."); *see also* Form 30 to the Federal Rules of Civil

Procedure ("Form 30") (noting that counterclaims should be "[s]et forth . . . in the same way a claim is pleaded in a complaint").

Moreover, the Fifth Circuit has held that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). In *Brink*, Judge Janis Graham Jack followed the example of the numerous district courts that found the plausibility standard of *Twombly* and *Iqbal* applicable to assessing the sufficiency of affirmative defenses. *U.S. v. Brink*, 2011 WL 835828, *3 (S.D. Tex.) (internal citations omitted); *see also Vargas v. HWC General Maintenance, LLC*, No. H-11-875, 2012 WL 948892, at *2 (S.D. Tex. March 20, 2012) (applying *Twombly* and Iqbal standard to affirmative defenses and dismissing same); *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) (noting that "the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses").[2] "The issue is whether the pleading is sufficient to 'identify the affirmative defense in question' and provide notice of its basis." *Tran v. Thai*, No. 4:08-cv-03650, 2010 U.S. Dist. LEXIS 17946, at *3 (S.D. Tex. Mar. 1, 2010) (Rosenthal, J.) (quoting *Woodfield*, 193 F.3d at 362).


IV.    ARGUMENT

Instead of pleading facts to support a plausible counterclaim or defense regarding the patent-in-suit, the Defendant's pleadings are nothing "more than labels and conclusions and a

---

[2]      *See*, *e.g.*, *OSF Healthcare Syst. v. Banno*, 2010 U.S. Dist. LEXIS 7584 *3 (C.D. Ill. Jan. 5, 2010) (citing *Twombly* and *Iqbal*, the court concluded that "the affirmative defense, as pled, must offer enough facts to show the defense is plausible on its face"); *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538, *7-8 (N.D. Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *Sales Board v. Pfizer*, 2009 U.S. Dist. LEXIS 69714 at *19-20 (D. Minn. Aug. 10, 2009) (holding that *Iqbal* applies to affirmative defenses and stating that affirmative defenses must be based on factual allegations that give rise to the relief requested); *Gibson v. Officemax, Inc.*, 2009 U.S. Dist. LEXIS 127111 (W.D. Okla. Jan. 30, 2009) ("[A] defendant must allege a sufficient factual basis or bases for his or its affirmative defense to show that the defense is plausibly viable on its face or sufficient factual matter from which a court can infer potential viability.").

formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555, 557. Moreover, under 35 U.S.C. § 282, an issued patent "shall be presumed valid." *See Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2245-46 (2011).   That presumption places a high burden on parties seeking to invalidate a U.S. Patent, reflected in the "clear and convincing" standard of evidence.   *See i4i*, 131 S. Ct. at 2246 (the presumption of validity creates "'a heavy burden of persuasion,' requiring proof of the defense by clear and convincing evidence . . . . the presumption encompassed not only an allocation of the burden of proof but also an imposition of a heightened standard of proof."). Thus, a Defendant's counterclaim or affirmative defense of invalidity would have to be detailed in order to be plausible, particularly in light of the standard for proving such an invalidity counterclaim or defense.

Here, *all* of Defendant's counterclaims and affirmative defenses are plead without any factual support whatsoever. "Mere conclusory assertions are not sufficient to give plaintiffs notice of the counterclaims and defenses and, thus, do not meet Rule 8(a)'s pleading standards." *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 623 (S.D.N.Y. 2008). Indeed, as noted above, it is not even clear which defense is being pleaded. Thus, all Defendant's counterclaims and affirmative defenses should be dismissed pursuant to Rule 12(b)(6).


## V.       CONCLUSION

As Defendant fails to state a claim upon which relief can be granted, the Court should dismiss Defendant's affirmative defenses and counterclaims.

Respectfully Submitted,

**PERSONAL AUDIO, LLC**

*/s/ Papool S. Chaudhari*

Dated:  April 10, 2013          By: _____

Papool S. Chaudhari
Texas State Bar No. 24076978
**Reyes | Browne | Reilley**
5950 Berkshire Lane, Suite 410
Dallas, TX 75225
Phone: (214) 526-7900
Fax: (214) 526-7910
papool@reyeslaw.com

OF COUNSEL (application to be admitted sent)
Jeremy S. Pitcock
PITCOCK LAW GROUP
1501 Broadway, 12th Floor
New York, NY 10036
(646) 571-2237
jpitcock@pitcocklawgroup.com

**ATTORNEYS FOR PLAINTIFF
PERSONAL AUDIO, LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, the foregoing was served on all counsel of record who have consented to electronic service. Local Rule CV-5.  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing via email on this 10th day of April, 2013.

*/s/ Papool S. Chaudhari*

_____

Papool S. Chaudhari