IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC,**<br><br>    **Plaintiff and**<br>    **Counter-Defendant,**<br><br>    v.<br><br>**HOWSTUFFWORKS.COM,**<br><br>    **Defendant and**<br>    **Counter-Plaintiff.** | **CIVIL ACTION NO. 2:13-CV-00015-JRG-RSP**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR ENHANCED DAMAGES AND ATTORNEYS' FEES

Defendant and Counter-Plaintiff ("HowStuffWorks[1]") herein respectfully moves to dismiss or strike Plaintiff Personal Audio, LLC's claim for enhanced damages and attorneys' fees for "willful" infringement (D.I. 1 at Prayer for Relief, ¶¶ 3–4) due to the fact that Personal Audio has failed to properly plead *any* supporting facts required to state such claims.[2] This Motion is brought pursuant to Federal Rule of Civil Procedure 12, and the authorities cited and arguments made herein or in subsequent papers or argument before the Court on this issue.

---

[1] "HowStuffWorks.com," the purported named defendant, is not a known corporate entity. HowStuffWorks, LLC publishes a website at the Internet URL of www.HowStuffWorks.com and the undersigned files this motion here on that basis.

[2] Per Local Rule CV-7(a), this motion is presented and filed in its own document. The facts, law, and issues supporting this motion substantially relate to those regarding Plaintiff's co-pending Motion to Dismiss. As such, the discussion, legal support, and arguments presented here are also included in Defendant's concurrently filed opposition to Plaintiff's motion.

I.     INTRODUCTION AND BACKGROUND

As stated in more detail in HowStuffWorks's concurrently filed Opposition to Plaintiff's Motion to Dismiss, Plaintiff Personal Audio alleges in its cursory and leanly worded Complaint that HowStuffWorks.com literally infringes U.S. Patent No. 8,112,504. (D.I. 1.) Personal Audio's Complaint, however, *also* claims enhanced damages and attorneys' fees supposedly based on willful infringement and the "exceptional" nature of the case. (*Id*. at p.3, ¶¶ 3–4.) Yet, the Complaint includes not a single allegation to support such claims. Setting aside that Personal Audio cannot for Rule 11 reasons plead such facts, its failure to do so means that these parts of its Complaint should be dismissed or struck under Rule 12. Accordingly, HowStuffWorks respectfully asks the Court to dismiss or strike paragraphs 3 and 4 of Personal Audio's Prayer for Relief as having been brought without any recited factual basis.

II.    LEGAL STANDARD

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Complaint must give the defendant "fair notice of what the . . . claim is **and the grounds upon which it rests**." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added and internal quotation omitted). "'A claim has facial plausibility when the **pleaded factual content** allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (D.I. 12 [Pl. Mot. to Dismiss] at 5 (citing *Ashcroft v. Iqbal*, 556 U.S. 662,678 (2009) (emphasis added).) "Thus, to survive a motion to dismiss, a pleading must contain **sufficient factual matter** . . . to state a claim to relief that is plausible on its face." (*Id*. at 4–5 (citing *Twombly*, 550 U.S. at 70) (emphasis added).)

Critically, a patentee must have a good faith basis for alleging willful infringement in its original complaint. *See In re Seagate Tech*., LLC, 497 F. 3d 1360, 1374 (Fed. Cir. 2007) (*en*

*banc*) (citing Fed. R. Civ. P. 8 and 11). And "a willfulness claim . . . must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."[3] *Id*. "A claim for willful patent infringement requires proof that (1) 'the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent,' and (2) 'this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *See Achates References Pub., Inc. v. Symantec Corp.*, 2:11-cv-294-JRG-RSP, 2013 WL 693955 at *3 (E.D. Tex Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 693885 (E.D. Tex. Feb. 26, 2013) (quoting *In re Seagate*, 497 F.3d at 1371).

### III. ARGUMENT

#### A. Personal Audio's Complaint Does Not and Cannot Allege Facts Supporting Claims for Willful Infringement, Enhanced Damages, or Attorneys' Fees

Personal Audio has summarily requested that enhanced damages be awarded based on willful infringement, along with attorneys' fees based on this case supposedly being an "exceptional" one within the meaning of 35 U.S.C. § 285. (D.I. 1 at p.3, ¶¶ 3–4.) Yet, Personal Audio has failed to allege *a single word* (much less any fact) that supports these demands. Personal Audio has not alleged—*and cannot allege*—that HowStuffWorks had any pre-suit knowledge of the patent or of the alleged infringement. These are predicate facts essential to making a claim for enhanced damages or attorneys' fees. Their absence is fatal to these claims.

In this Court (as in others), the "bare assertion that [a defendant's] infringement was willful is not sufficient to plead a plausible claim for relief." *See Achates*, 2013 WL 693955 at

---

[3] "By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. *See* U.S.C. § 283; *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *In re Seagate*, 497 F.3d at 1374.

*3, *report and recommendation adopted*, 2013 WL 693885 (E.D. Tex. Feb. 26, 2013) (dismissing willful infringement claim for enhanced damages).[4] In this case, given that no assertion whatsoever was made to support claims for enhanced damages and attorneys' fees, such claims should be dismissed or struck. *Cf.* Fed. R. Civ. P. 12(b)(6). Accordingly, HowStuffWorks respectfully asks the Court to dismiss or strike paragraphs 3 and 4 of Personal Audio's Prayer for Relief as having been brought without any recited factual basis.

Furthermore, HowStuffWorks is aware of no facts supporting Personal Audio's demands for enhanced damages and fees. Unless Personal Audio can, while meeting Rule 11, plead such facts, any amendment would be futile. Thus, absent this showing, leave to amend should be denied. *Cf., e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) (denying leave to amend is appropriate if amendment futile).

## IV. CONCLUSION

Personal Audio's claims for enhanced damages and attorneys' fees for supposed willful infringement are not supported by a single allegation and thus should be dismissed or struck. Absent a showing that Personal Audio can properly plead facts supporting such claims, leave to amend the Complaint should also be denied.

---

[4] For additional decisions consistent with this Court's dismissal of unsupported willfulness claims, see *Aeritas, LLC v. Alaska Air Grp., Inc.*, 893 F. Supp. 2d 680, 684–85 (D. Del. 2012); *Bell Helicopter Textron Inc. v. Am. Eurocopter*, LLC, 729 F. Supp. 2d 789, 800 (N.D. Tex. 2010) (also dismissing claim for attorneys' fees); *Select Retrieval, LLC v. Bulbs.com Inc.*, C 12-10389-TSH, 2012 WL 6045942, at *6 (D. Mass. Dec. 4, 2012); *Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions*, LLC, C-12-00068-JW, 2012 WL 2803617, at *3 (N.D. Cal. July 10, 2012); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, C-11-06638 RS, 2012 WL 1831543, at *2–5 (N.D. Cal. May 18, 2012); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, C 11-04049 JW, 2012 WL 1030031, at *3–4 (N.D. Cal. Mar. 22, 2012).

Dated: May 6, 2013

          Respectfully submitted,

          GIBSON, DUNN & CRUTCHER LLP


         By:    /s/ *Raymond LaMagna*
          Josh Krevitt, NY SBN 2568228
          jkrevitt@gibsondunn.com
          200 Park Avenue
          New York, NY  10166-0193
          Telephone: (212) 351-4000
          Facsimile:　(212) 351-4035

          Jason Lo, CA SBN 219030
          jlo@gibsondunn.com
          Raymond LaMagna, CA SBN 244821
          rlamagna@gibsondunn.com
          333 South Grand Avenue
          Los Angeles, CA 90071-3197
          Telephone: (213) 229-7000
          Facsimile:　(213) 229-7520

         ATTORNEYS FOR HOWSTUFFWORKS, LLC

# CERTIFICATE OF SERVICE

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 333 South Grand Avenue, Los Angeles, California 90071.

On May 6, 2013, I caused the following documents to be electronically filed with the Clerk of the Court using the CM/ECF system in compliance with Local Rule CV-5(a), which will send notification of such filings to all known counsel of record who have consented to electronic service per Local Rule CV-5:

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR ENHANCED DAMAGES AND ATTORNEYS' FEES**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on May 6, 2013, at Los Angeles, California.



/s/ Raymond LaMagna
Raymond LaMagna

101510000.2